Filing # 53603023 E-Filed 03/10/2017 06:29:51 PM

IN THE CIRCUIT COURT OF THE 10th JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

CASE NO. 2017-CA-000877000000

TAJOHNNA JOHNSON, Individually and as Personal Representative of the Estate of TARUS T. JOHNSON, Deceased,

Plaintiff,

v.

WERNER ENTERPRISES, INC., a foreign corporation, DRIVERS MANAGEMENT, L.L.C., a foreign corporation, and DONOVAN DEWAYNE ROSS, an individual,

Defendants.

---

**WRONGFUL DEATH COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, TAJOHNNA JOHNSON, as Personal Representative of the Estate of TARUS T. JOHNSON, by and through her undersigned counsel, and sues the Defendants, WERNER ENTERPRISES, INC., a foreign corporation, DRIVERS MANAGEMENT, L.L.C., a foreign corporation, and DONOVAN DEWAYNE ROSS, an individual residing in Georgia and alleges:

1. This is an action for wrongful death pursuant to Florida Statute, Section 768 and for damages in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest, and attorneys fees.

7. At all times material hereto, Defendant DRIVERS MANAGEMENT, L.L.C., (hereinafter DRIVERS MANAGEMENT), was and is a foreign corporation doing business in Florida. DRIVERS MANAGEMENT identifies itself as a subsidiary of WERNER ENTERPRISES. DRIVERS MANAGEMENT has its principal place of business in Omaha, Nebraska. At all times material hereto, DRIVERS MANAGEMENT was the employer of Defendant ROSS and the owner of the tractor trailer he was operating at the time of the crash.

8. At all times material hereto, and upon information and belief, Defendant ROSS was and is an individual residing in Gordon, Gordon County, Georgia. At all times material hereto, Defendant ROSS was employed by Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT and working for Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT as a tractor trailer driver and operator in Polk County, Florida. Upon information and belief, Defendant ROSS currently resides at 109 Miller St., Gordon, Georgia 31031.

9. On March 12, 2016, Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT owned and maintained the tractor/trailer which Defendant ROSS was driving at the time of the wreck that is at issue in this lawsuit. The U.S. D.O.T. number affixed on the side of the power unit, #53467, is registered to Defendant WERNER ENTERPRISES with the Federal Motor Carrier Safety Administration.

10. The tractor/trailer driven by Defendant ROSS was a "dangerous instrumentality" in accordance with the Florida

Dangerous Instrumentality Doctrine and, therefore, the owner of the tractor/trailer, Defendants WERNER ENTERPRISES and/or DRIVERS MANAGEMENT, is responsible for any deaths or injuries caused by the operation of that vehicle by the person to whom they entrusted the vehicle - ROSS.

11. On March 12, 2016, Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT owned and maintained the aforementioned tractor/trailer operated by Defendant ROSS on northeast on US 54, Dallam County, Texas.

12. At or about 6:50 A.M., on March 12, 2016, Defendant ROSS was operating said tractor trailer on US 54, Dallam County, Texas, with the permission and consent of Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT. At the same time, TARUS JOHNSON was asleep in the tractor's sleeper berth.

13. At or about 6:50 A.M., on March 12, 2016, Defendant ROSS fell asleep at the wheel causing the tractor trailer to drift off the roadway to the right side of the road. Soon thereafter, Defendant ROSS woke up and attempted to steer the tractor trailer onto the roadway, causing the tractor trailer to roll over on the left side.

14. TARUS JOHNSON was violently ejected from the sleeper berth causing severe injuries which ultimately led to his death.

15. At that time, Defendant ROSS was an employee of Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT and he was operating

the said tractor and its trailer within the course and scope of his employment.

16. Following the crash, police took Defendant ROSS into custody and obtained a blood sample from him for alcohol and drug analysis.

17. On June 7, 2016, Aegis Crimes, the laboratory company hired by the Texas Department of Public Safety Crime Laboratory, issued its report finding that the blood obtained from Defendant ROSS immediately after the crash tested positive for illegal drugs - Cannabinoids (Marijuana), Carboxy-THC, and THC.

18. At the time and date of the crash, Defendant ROSS owed a duty to other motorists and his passenger, TARUS T. JOHNSON, to operate the tractor and its trailer in a safe manner, to maintain a proper lookout, to maintain control of the tractor trailer and its trailer, to refrain from illegal drug use and to obey all traffic regulations and rules of the road.

19. Defendant ROSS breached his duty on March 12, 2016, by operating the tractor trailer and its trailer while under the influence of illegal drugs and in a reckless, negligent and careless manner, by falling asleep at the wheel, causing the tractor trailer to crash, and ultimately killing TARUS T. JOHNSON.

20. Defendant ROSS breached his duty, and was negligent, in one or more of the following ways, without limitation:

a. Failing to stay awake while operating a commercial motor vehicle;

b. Using illegal drugs prior to or while operating a commercial motor vehicle;

c. Failing to keep a proper lookout;

d. Failing to maintain control of the tractor trailer and its trailer;

e. Failing to operate the tractor trailer and its trailer in a safe and careful manner;

f. Failing to keep the truck and trailer under control;

g. Violation one or more traffic laws and regulations;

h. Failing to maintain the tractor trailer and its trailer in a safe and careful manner;

i. In negligently and carelessly failing to act after danger of collision was apparent although it was known or should have been known there was a reasonable likelihood that the vehicle would crash and cause personal injury or even death;

j. In negligently and carelessly failing to stop, swerve, or slow and swerve after it was known, or by use of the highest degree of care, could have been known that there was a reasonable likelihood of a collision;

k. In negligently and carelessly driving too fast for the road conditions;

l. In negligently and carelessly causing the the tractor-trailer to crash;

m. In driving in a careless and imprudent manner;

n. In driving a commercial motor vehicle in violation of state and federal laws and/or regulations applicable to commercial motor vehicles;

o. In violating Federal Motor Carrier Safety Regulations including, but not limited to:

i. 49 CFR 392.3, which states in part:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired,

through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

ii. 49 CFR 391.11, which states:

A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in 391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.

iii. 49 CFR 392.4, which states:

No driver shall be on duty and possess, be under the influence of ". . . "[a]ny 21 CFR 1308.11 Schedule I substance;" "[a] narcotic drug or any derivative thereof;" or "[a]ny other substance, to a degree which renders the driver incapable of safely operating a motor vehicle."

21. Marijuana is in fact listed as a Schedule 1 substance under 21 CFR 1308.11. Federal Law prohibits the possession, consumption or ingestion of drugs which have no established medical benefit such as marijuana. Marijuana is likewise illegal for personal use or use while operating a commercial vehicle in the vast majority of states including Texas - where the wreck occurred, Nebraska - where Defendants WERNER ENTERPRISES and DRIVERS MANAGEMENT are located, Georgia - where Defendant ROSS resides, or Florida - where TARUS JOHNSON, his wife and his daughter resided at the time he was killed.

22. Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT are vicariously liable for the negligence of Defendant ROSS.

23. Defendant WERNER ENTERPRISES and/or DRIVERS MANAGEMENT are or were also negligent in that:

a. Defendants did not hire competent, satisfactory, qualified, safety-conscious employees to operate vehicles;

b. Defendants misjudged and/or overestimated the skills of their employees, specifically Defendant ROSS, in his ability to drive their vehicles;

c. Defendants failed to train educate, direct, prepare; or give guidance to their employees such as Defendant ROSS in the use of their vehicles;

d. Defendants failed to supervise or oversee their employees such as Defendant ROSS in the use of their vehicles; and

e. Defendants failed to train, educate, direct, prepare or give guidance to their employees such as Defendant ROSS as to what to do in situations of driver fatigue, alertness or illness under the Federal Motor Carrier Safety Regulations;

f. Defendant negligently entrusted their tractor-trailer to Defendant ROSS without the proper training, experience and ability to safely operated a commercial vehicle;

g. Defendants were negligent in hiring and retaining Defendant ROSS in that they failed to obtain certain background information required by the Federal Motor Carrier Safety Regulations before allowing Defendant ROSS to operate their tractor-trailer; and

h. Defendants negligently failed to ensure that their drivers, particularly Defendant ROSS, did not take illegal drugs and/or did not operate Defendants' commercial vehicles under the influence of illegal drugs.

24. As a direct and proximate result of the Defendants' negligence, TARUS T. JOHNSON suffered bodily injury resulting in his death on March 12, 2016.

25. As a result of the aforementioned wreck, and prior to his death TARUS T. JOHNSON experienced conscious pain and suffering.

26. As a direct and proximate result of the negligence of Defendants WERNER ENTERPRISES, DRIVERS MANAGEMENT and ROSS, resulting in the death of TARUS T. JOHNSON, Plaintiff TAJOHNNA JOHNSON has suffered damages which include: 1) the value of lost support and services from the date of TARUS T. JOHNSON'S death, with interest; 2) lost companionship, instruction, and guidance and for mental pain and suffering from the date of TARUS T. JOHNSON's death; and 3) any other damages allowable by law. These losses and damages are permanent and continuing in nature, and Plaintiff TAJOHNNA JOHNSON will suffer said losses in the future.

27. As a direct and proximate result of the negligence of Defendants WERNER ENTERPRISES, DRIVERS MANAGEMENT and ROSS, resulting in the death of TARUS T. JOHNSON, the Estate of TARUS T. JOHNSON, Deceased, has suffered damages which include: 1) Loss of earnings of TARUS T. JOHNSON from the date of death with interest; 2) Loss of prospective net accumulations of TARUS T. JOHNSON'S estate; and 3) Medical and related expenses and funeral expenses due to TARUS T. JOHNSON's injuries and death that have or may be charged against his estate. These losses and damages are permanent and continuing in nature, and the Estate of TARUS T. JOHNSON, Deceased, will suffer said losses in the future. Plaintiff TAJOHNNA JOHNSON therefore seeks the recovery of such damages in

her capacity as the Personal Representative of the Estate of TARUS T. JOHNSON, Deceased.

28. Defendants' conduct, as described herein, demonstrated the Defendants' willful and wanton disregard and gross negligence which resulted in TARUS T. JOHNSON's death. As such, each Defendant is excepted from any employee and/or co-employee immunity under any Workers' Compensation Exclusivity Doctrines.

29. Plaintiff also understands that claiming punitive or exemplary damages at this juncture would be premature, and she would therefore provide notice of her intent to seek leave of Court to amend this complaint to add a count for punitive damages in accordance with the requirements of Florida law at such time as such a claim might be mature and warranted.

WHEREFORE, Plaintiff demands judgment for damages which are in excess of the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) exclusive of costs, interest and attorneys fees, and further demands trial by jury.

LANE BURNETT, P.A.
331 East Union Street
Jacksonville, FL 32202
TEL: (904) 355-0515
FAX: (904) 355-3656
LaneBurnett@aol.com

By /s/ Lane Burnett
LANE BURNETT
Florida Bar No.: 122560

And

HUMPHREY, FARRINGTON & MCCLAIN
DANIEL A. THOMAS, *Pro Hac Vice*
221 West Lexington, Suite 400
Independence, Missouri 64051
dat@hfmlegal.com
Tel: (816) 836-5050
Fax: (816) 836-8966